UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ALBERT W. HORNER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 1:13-cv-880-TWP-DKL |
| ) | |
| K. BUTTS, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

**I.**

This matter is before the Court on Petitioner Albert W. Horner's ("Mr. Horner") petition for writ of habeas corpus (Dkt. 1). "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face…." *McFarland v. Scott,* 512 U.S. 849, 856 (1994). This authority is conferred by Rule 4 of the *Rules Governing Section 2254 Cases in United States District Courts,* which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *See Small v. Endicott,* 998 F.2d 411, 414 (7th Cir. 1993). This is an appropriate case for such a disposition.

Mr. Horner was convicted of burglary, criminal deviate conduct and attempted rape and is currently serving an aggregate 50-year sentence. His convictions were affirmed in *Horner v. State,* No. 91A04-9806-CR-327 (Ind.Ct.App. July 23, 1999) ("*Horner I*"), *trans. denied*. The trial court's denial of Mr. Horner's petition for post-conviction relief was affirmed on appeal in

*Horner v. State,* 862 N.E.2d 333 (Ind.Ct.App. March 1, 2007) (Table) ("*Horner II*"), *transfer denied.*

On November 7, 2007, Mr. Horner sought habeas corpus relief in this court with respect to his burglary conviction. The prior habeas action in this court styled as *Horner v. Knight*, No. 1:07-cv-1414-DFH-JMS was denied and judgment dismissing the action with prejudice was issued on June 18, 2008. In the *Entry* entered on the clerk's docket that same day, Mr. Horner's habeas petition was denied because he procedurally defaulted his claims. Specifically, although Mr. Horner included his claims in his post-conviction appeal, he could have raised them on direct appeal and did not do so. Mr. Horner did not establish cause for and prejudice from his procedural default. Subsequently, Mr. Horner filed a notice of appeal on July 10, 2008 and his motion for a certificate of appealability was denied by this court on August 7, 2008. Thereafter, Mr. Horner's request for a certificate of appealability from the Seventh Circuit was denied on March 2, 2009. In this action, Mr. Horner again seeks habeas relief based on his claims that there was "structural, Constitutional error," prosecutorial misconduct, the State's reference to prior bad acts, and ineffective assistance of counsel.

When there has already been a decision on the merits in a federal habeas action, to obtain another round of federal collateral review a petitioner requires permission from the Court of Appeals under 28 U.S.C. § 2244(b). *See Potts v. United States,* 210 F.3d 770, 770 (7th Cir. 2000). This statute, § 2244(b)(3), "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in the district court." *Felker v. Turpin,* 518 U.S. 651, 657 (1996). The "idea behind [the rule in § 2244(b)] is that a prisoner is entitled to one, but only one, full and fair opportunity to wage a collateral attack." *O'Connor v. United States,* 133 F.3d 548, 550 (7th Cir. 1998). This statute "'is an allocation of subject-matter jurisdiction to the court

of appeals.'" *In re Page,* 170 F.3d 659, 661 (7th Cir. 1999) (quoting *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)), opinion supplemented on denial of rehearing *en banc*, 179 F.3d 1024 (7th Cir. 1999). "'A district court *must* dismiss a second or successive petition . . . unless the court of appeals has given approval for the filing.'" *Id.* (emphasis added in *In re Page*); *see Burton v. Stewart*, 127 S. Ct. 793 (2007).

The Supreme Court does not interpret the phrase "second or successive" in an "overly literal" manner, and recognizes that some types of second petitions do not "implicate the judicially developed abuse of the writ principles that were the basis for AEDPA's statutory restrictions." *Vancleave v. Norris,* 150 F.3d 926, 928 n.2 (8th Cir. 1998) (citing *Stewart v. Martinez-Villareal,* 523 U.S. 637 (1998)). "Identifying 'second or successive' motions is easy only in the paradigm case--the prisoner files a motion, loses on the merits, exhausts appellate remedies, and then files another motion." *Johnson v. United States,* 196 F.3d 802, 804 (7th Cir. 1999). Here, Horner filed a prior petition, lost because his claims were procedurally defaulted, and has now filed another habeas petition challenging the same conviction/sentence. A petition dismissed on procedural grounds "counts" as a petition that triggers the requirements in 28 U.S.C. § 2244(b) for petitions filed at a later time. *See Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003)(per curiam ) ("We hold today that a prior untimely [§ 2254] petition does count [as an adjudication on the merits] because a statute of limitations bar is not a curable technical or procedural deficiency. . . .").

On the basis of the foregoing, the court concludes that the habeas petition filed by Mr. Horner on May 30, 2013, is an unauthorized second or successive petition within the meaning of § 2244(b). It is unauthorized because he has not obtained the requisite permission from the Court of Appeals to proceed with it. Under these circumstances, the action must be dismissed for lack

of jurisdiction. "'Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 7 Wall. 506, 514, 19 L.Ed. 264 (1868)). Judgment consistent with this Entry shall now issue.

## II.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the court finds that Horner has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 06/07/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Andrew W. Horner
984261
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box A
NEW CASTLE, IN 47362